STATE OF MAINE *vs.* EDWARD SAYERS.

Somerset.    Opinion June 2, 1922.

*Liquor may be intoxicating in fact, and yet not be intoxicating liquor within the purview of the law because not "capable of being used as a beverage." Whether any compound is so capable of use is a question of fact, and a sale of it for beverage purposes is some evidence that it is capable of such use.*

The defendant sold to one Trask a bottle of Rose Toilet Water, a compound containing about fifty per cent. alcohol. There was evidence justifying a finding that the sale was for beverage purposes.

Trask said that he took two swallows of the liquid, went back to his work and later took two more swallows. He became unconscious and so remained for several hours. During his stupor his heart and lungs functioned but feebly.

It was contended that the compound was not capable of being used as a beverage, and therefore was not intoxicating liquor within the meaning of the statute.

Upon all the evidence, the jury verdict of guilty was not clearly erroneous.

On exceptions by respondent. The respondent was tried in the Western Somerset Municipal Court for the County of Somerset upon a warrant alleging a single sale of intoxicating liquor, and upon appeal the case went to the Supreme Judicial Court and was tried at the January term, 1922, and respondent was found guilty. Before the verdict, counsel for the respondent requested a directed verdict for respondent on the ground of insufficient evidence, which was refused by the presiding Justice, and respondent excepted. After verdict counsel for respondent filed a motion in arrest of judgment, attacking the sufficiency of the warrant, which motion the presiding Justice denied, and respondent excepted. Exceptions overruled.

The case is fully stated in the opinion.

*James H. Thorne, County Attorney,* for the State.

*B. F. Maher and W. H. Hawes,* for respondent.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

DEASY, J. The respondent moved in arrest of judgment for the alleged reason that "no seal appears upon the warrant." He con-

tends that the seal shown in the record was affixed to the certification and not to the warrant. This contention is unfounded.

A motion for a directed verdict, on the ground of insufficient evidence, was denied. The respondent sold to one Trask for two dollars and fifty cents a half-pint bottle of "Rose Toilet Water" alleged to be intoxicating liquor. Prof. Whittier, who analyzed the liquid, testified that it contained fifty-two and one half per cent. of alcohol by volume, or forty-five per cent. by weight. It also contained some substance, not shown by the analysis to be poisonous, giving it the odor of roses.

Trask testified that he took two swallows of the compound and a little later two more. He thereupon became unconscious and so remained for several hours. Medical testimony discloses that during his stupor his heart and lungs functioned but feebly.

The respondent contends that a verdict of not guilty should have been directed because the evidence fails to show that the compound sold was intoxicating.

There can be no reasonable doubt that the liquid sold by the respondent was in fact intoxicating. Its high percentage of alcohol shows this to say nothing of Trask's unfortunate experience in the use of it.

But the respondent argues that it was not an intoxicating liquor within the meaning of the statute because "not capable of being used for tippling purposes or as a beverage" (*State* v. *Int. Liquors,* 118 Maine, 201) and because not "practicable to commonly and ordinarily drink it as a beverage" (*Heintz* v. *Le Page,* 100 Maine, 545).

This was a question of fact for the jury to pass upon. The evidence was sufficient to justify a finding that the respondent sold the liquor with the full understanding that Trask was buying it for drinking. As against the respondent this is some evidence that it was fit for such use.

If the respondent sold the compound as a beverage he cannot complain if his present contention that it was too poisonous and deadly for such use is received with some suspicion.

Undoubtedly a liquor which is intoxicating in fact may be "incapable of use as a beverage" and therefore not intoxicating liquor within the purview of the statute nor within the meaning of the substantially equivalent provision of the Federal Law. Whether so incapable or otherwise is a question of fact.

We are not convinced that in the present case this issue of fact should have been taken from the jury by a directed verdict.

*Exceptions overruled.*